IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
HATTIESBURG DIVISION


**TELLUS OPERATING GROUP, LLC**     PLAINTIFF/STAKEHOLDER


**VERSUS**     CIVIL ACTION NO: 2:07cv191KS-MTP


**CINDY LARAE DYESS, SUCCESSOR TRUSTEE
OF THE STACEY DYESS ROPER TRUST; STACEY
DYESS ROPER; TERRY WAYNE DYRESS; TRACY R.
MITCHUSSON; MELBOURNE E. JOSEPH, JR.;
AND KYLE ENGLISH**     DEFENDANTS/CLAIMANTS


## MEMORANDUM OPINION AND ORDER

This matter is before the court on a Motion for Summary Judgment **[#30]** filed on behalf of defendant/claimant Kyle English and other motions as set forth below. The court, having reviewed the motions, the responses filed by separate defendant Tracy R. Mitchusson, the pleadings and exhibits on file, and being otherwise fully advised in the premises finds specifically finds as follows:

This action was brought by Tellus pursuant to 28 U.S.C. § 1335 seeking a judicial determination of the proper and rightful owner of royalties payable under two Oil, Gas and Mineral Leases dated February 10, 1995, covering lands in Section 17, Township 6 North, Range 18 West, Jefferson Davis County, Mississippi (the "subject property" as described in the deraignments of title attached to the pleadings). Tellus is the operator of two gas wells drilled and producing on a unit comprised of all of said

Section 17.

The interests of the defendants/claimants are subject to two Oil, Gas and Mineral leases conveying certain mineral interests in the subject property and executed on February 10, 1995.  One lease was executed by Terry Wayne Dyess to Inland Energy Company and the other by Bryan L. Roper, as Trustee of the Stacey Dyess Roper Trust to Inland Energy Company.  Subsequently, claimants Tracy R. Mitchusson and Melbourne E. Joseph succeeded to one-half of the interest of Terry Wayne Dyess.

The Stacey Dyess Roper Trust was established by the Will of Roy Gerald Dyess and Bryan L. Roper was appointed the Trustee.  Bryan Roper is now deceased and Cindy Larae Dyess is the apparent Successor Trustee, although Stacey Dyess Roper maintains the power of appointment of such.  The Dyess claimants have been paid royalties as provided in the leases for the wells operated by Tellus in Section 17.

Recently, Tellus drilled a new well in Section 17 and while updating title information discovered a Sheriff's Deed covering the Dyess Claimants property dated June 13, 2002, executed pursuant to an Execution Sale.  A subsequent deed to Claimant Kyle English covering this property was also discovered.  After reviewing the information related to the Sheriff's Sale, Tellus concluded that the sale might be defective in that Bryan Roper was not served because he was deceased.

The Sheriff's Deed was executed pursuant to a Writ of Execution of Judgment dated May 10, 2002, in the Circuit Court of Jefferson Davis County in Civil Action No. 2001-97 directing the Sheriff to seize all non-exempt property of Terry W. Dyess, Melbourne E Joseph, Jr., Bryan Roper as Successor Trustee of the Stacey Dyess Roper Trust and Tracy Mitchusson.  The Writ was issued based on a Judgment

recovered by Georgia Pacific Corporation in this court in Civil Action No. 2:98cv197PG, *Terry Wayne Dyess, et al v Georgia Pacific Corporation*.

That suit arose out of the execution of a Timber Deed.  The court submitted the action to binding arbitration pursuant to the arbitration agreement contained in the Timber Deed executed by the parties on September 30, 1998.  On April 5, 2000, Georgia Pacific filed a Motion to Confirm the Arbitration Award.  The court granted the motion and entered judgment on the arbitration award on April 27, 2000.  Terry Dyess and Melbourne Joseph moved to vacate the award on May 5, 2000.  That motion was denied on September 6, 2000.  On July 10, 2002, Georgia Pacific moved the court for approval of the Sheriff's Sale and distribution of funds.  That motion was granted on July 18, 2002.  There was no appeal from this judgment.

Tellus has now filed the instant interpleader under 28 U.S.C. § 1335 action requesting the court to order the Dyess Claimants and English to intervene in order to resolve their competing claims to the royalties from the producing wells in Section 17 and to allow Tellus to pay the royalty proceeds into the registry of the court until the dispute can be resolved.

English has filed a Counter-Claim and amendments thereto asserting that he is entitled to an order awarding him all of the royalties held in the registry of the court and future royalty payments consistent with his ownership of the subject property and for an accounting of all royalty payments to Tracy Mitchusson from March 4, 2005, the date he succeeded to his interest in the property, to the present.  He has also moved the court **[#37]** for an immediate distribution of all funds held in the registry of the court with the

3

exception of those claimed by Mitchusson.  Mitchusson has moved the court **[#35]** to allow her to intervene in Civil Action No. 2:98cv197 to challenge the sufficiency of the Sheriff's Sale from 2002 on the basis that she only had one day's notice of same.

The Dyess Claimants at first deny that this court has jurisdiction asserting that complete diversity may be required.  Tellus is a Mississippi Limited Liability Company and English is a Mississippi resident.  All other defendants are, apparently, not Mississippi residents.  These defendants do admit that if Tellus is bringing this as a statutory interpleader action, the minimal diversity required would be met.  The court concurs that the minimal diversity requirements for a statutory interpleader are met in that at least two of the claimants are diverse to the stakeholder.  Further, Tellus has deliberately limited this action to one for statutory interpleader under 28 U.S.C. § 1335, making jurisdiction proper in this court.

## **STANDARD OF REVIEW**

The Federal Rules of Civil Procedure, Rule 56(c) authorizes summary judgment where "the pleadings, depositions, answers to interrogatories and admissions on file, together with affidavits, if any, show that there is no genuine dispute as to any material fact and that the moving party is entitled to judgment as a matter of law."  *Celotex Corporation v. Catrett*, 477 U.S. 317, 322, 91 L.Ed.2d 265, 106 S.Ct. 2548 (1986).  The existence of a material question of fact is itself a question of law that the district court is bound to consider before granting summary judgment.  *John v. State of La. (Bd. of T. for State C. & U.)*, 757 F.2d 698, 712 (5th Cir. 1985).

A Judge's function at the summary judgment stage is not himself to weigh the evidence and determine the truth of the matter, but to determine whether there is a genuine issue for trial.  There is no issue for trial unless there is sufficient evidence favoring the non-moving party for a jury to return a verdict for that party.  If the evidence is merely colorable, or is not significantly probative, summary judgment is appropriate. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 91 L.Ed.2d 202, 106 S.Ct. 2505 (1986).

Although Rule 56 is peculiarly adapted to the disposition of legal questions, it is not limited to that role. *Professional Managers, Inc. v. Fawer, Brian, Hardy & Zatzkis*, 799 F.2d 218, 222 (5th Cir. 1986).  "The mere existence of a disputed factual issue, therefore, does not foreclose summary judgment.  The dispute must be genuine, and the facts must be material." *Id.* "With regard to 'materiality', only those disputes over facts that might affect the outcome of the lawsuit under the governing substantive law will preclude summary judgment." *Phillips Oil Company v. OKC Corporation*, 812 F.2d 265, 272 (5th Cir. 1987).  Where "the summary judgment evidence establishes that one of the essential elements of the plaintiff's cause of action does not exist as a matter of law, . . . all other contested issues of fact are rendered immaterial. *See Celotex*, 477 U.S. at 323, 106 S.Ct at 2552." *Topalian v. Ehrman*, 954 F.2d 1125, 1138 (5th Cir. 1992).

In making its determinations of fact on a motion for summary judgment, the Court must view the evidence submitted by the parties in a light most favorable to the non-moving party. *McPherson v. Rankin*, 736 F.2d 175, 178 (5th Cir. 1984).

The moving party has the duty to demonstrate the lack of a genuine issue of

material fact and the appropriateness of judgment as a matter of law to prevail on his motion. *Union Planters Nat. Leasing v. Woods*, 687 F.2d 117 (5th Cir. 1982). The movant accomplishes this by informing the court of the basis of its motion, and by identifying portions of the record which highlight the absence of genuine factual issues. *Topalian*, 954 F.2d at 1131.

"Rule 56 contemplates a shifting burden: the nonmovant is under no obligation to respond unless the movant discharges [its] initial burden of demonstrating [entitlement to summary judgment]." *John*, 757 F.2d at 708. "Summary judgment cannot be supported solely on the ground that [plaintiff] failed to respond to defendants' motion for summary judgment," even in light of a Local Rule of the court mandating such for failure to respond to an opposed motion. *Id.* at 709.

However, once a properly supported motion for summary judgment is presented, the nonmoving party must rebut with "significant probative" evidence. *Ferguson v. National Broadcasting Co., Inc.*, 584 F.2d 111, 114 (5th Cir. 1978). In other words, "the nonmoving litigant is required to bring forward 'significant probative evidence' demonstrating the existence of a triable issue of fact." *In Re Municipal Bond Reporting Antitrust Lit.*, 672 F.2d 436, 440 (5th Cir. 1982). While generally "'[t]he burden to discover a genuine issue of fact is not on [the] court,' (*Topalian* 954 F.2d at 1137), 'Rule 56 does not distinguish between documents merely filed and those singled out by counsel for special attention-the court must consider both before granting a summary judgment.'" *John*, 757 F.2d at 712 (quoting *Keiser v. Coliseum Properties, Inc.*, 614 F.2d 406, 410 (5th Cir. 1980)).

**ANALYSIS**

The only party who has responded in opposition to English's motion for summary judgment is Mitchusson.  She has filed a perfunctory denial and moved the court to allow her to intervene in the 1998 case to challenge the Sheriff's sale.  She admits that she received notice of the sale on June 12, 2000.  While the sale was held the next day, final judgment confirming the sale was not entered until July 18, 2002.  Mitchusson did not appear to contest the validity of the sale at that time and did not appeal the court's final judgment.  The time for appeal or intervention has long since expired.

To defend against a proper summary judgment motion, one may not rely on mere denial of material facts nor on unsworn allegations in the pleadings or arguments and assertions in briefs or legal memoranda.  The nonmoving party's response, by affidavit or otherwise, must set forth specific facts showing that there is a genuine issue for trial.  Rule 56(e), Fed.R.Civ.P.  *See also, Union Planters Nat. Leasing v. Woods*, 687 F.2d at 119.

No party has filed a response showing that there is a genuine issue for trial.  English has provided a deraignment of title showing him to be the owner of 50% of the royalty interest for the subject property.  Even though Tellus has asserted that the Dyess Claimants had only a 1/4 interest, Tellus nor any other party has filed any evidence disputing English's deraignment.

The only challenge to English's ownership is the suggestion that the Sheriff's Sale from 2002 "may be defective" because of the failure to serve the Trustee of the Stacey Dyess Roper Trust.  However, the Trust is a proper party to this action but has not contested the sale nor English's motion for summary judgment.  The Trust was also

involved in the 1998 litigation and arbitration through counsel.  Mitchusson's response alone is clearly inadequate to prevent the entry of summary judgment for English.

IT IS THEREFORE ORDERED AND ADJUDGED that the Motion for Summary Judgment **[#30]** filed on behalf of defendant/claimant Kyle English is Granted; that the Motion for Leave to File Motion in 2:98cv197 filed by defendant/claimant Tracy R. Mitchusson **[#35]** is Denied; that the Motion to Amend/Correct the Amended Counterclaim **[#36]** filed on behalf of Kyle English is Granted; and that the Motion for Disbursement of Funds **[#37]** filed on behalf of defendant/claimant Kyle English is Granted and the Clerk of this court is Ordered to pay all interpled funds in this action to Kyle English and Tellus Operating Group, LLC is ordered to pay all future royalty payments to Kyle English consistent with his continued ownership of the subject property.

IT IS FURTHER ORDERED AND ADJUDGED that the plaintiff, Tellus Operating Group, LLC shall provide an accounting of all royalty payments to Tracy R. Mitchusson from March 4, 2005, to the present and that the court will retain jurisdiction to enter such other orders as are appropriate.  Any other pending motions are denied as moot. A separate judgment shall be entered herein in accordance with Rule 58, Federal Rules of Civil Procedure.

SO ORDERED AND ADJUDGED this the 22nd day of February, 2008.

*s/Keith Starrett*
UNITED STATES DISTRICT JUDGE